UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME HERNANDEZ-SANTOS<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>KRISTI NOEM, Secretary, U.S. Department of Homeland Security, et. al.,<br><br>　　　　　　　　　　Respondents. | Case No.: 25-CV-3231 JLS (AHG)<br><br>**ORDER DENYING WITH LEAVE TO AMEND PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Jaime Hernandez-Santos's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Also before the Court is Kristi Noem's (Secretary, U.S. Department of Homeland Security), Todd Lyons's (Acting Director, U.S. Immigration and Customs Enforcement), Gregory J. Archambeault (Field Officer Director, San Diego Field Office), and Pamela Bondi's (U.S. Attorney General) (collectively, "Respondents") Return to Habeas Petition ("Ret.," ECF No. 5). Petitioner did not file a Traverse. *See generally* Docket.

Petitioner, a Mexican national, alleges that he has been detained by the United States Department of Homeland Security's Immigration and Customs Enforcement division at the Imperial Detention Facility since October 3, 2025, when he was apprehended by ICE outside of a Home Depot. Pet. ¶ 3, 16. Petitioner claims that he is detained in violation of

8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth Amendment. *Id.* ¶ 19. Petitioner argues that he is unlawfully subject to the mandatory detention provision under 8 U.S.C. § 1225. *Id.* at 22–28. Petitioner alleges that he is entitled to immediate release, and that his mandatory detention based on the Board of Immigration Appeals decision, *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), contravenes the statutory text and longstanding agency interpretation. *Id.*

As a threshold matter, Petitioner has failed to name the warden of the facility where they are detained as respondent, as required by 28 U.S.C. § 2243. *See generally* Pet. Therefore, the Court lacks jurisdiction to hear the Petition. *See Mukhamadiev v. U.S. Dep't of Homeland Security*, No. 25-cv-1017-DMS-MSB, 2025 WL1208913, at *3 (S.D. Cal. Apr. 25, 2025) ("[T]he Court cannot exercise jurisdiction over [petitioner's] Petition so long as he fails to name as respondent the warden of the detention facility where he is being detained.").

Accordingly, the Court **DENIES WITH LEAVE TO AMEND** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1). Within seven (7) days of entry of this Order, Petitioner may file an amended petition curing the deficiencies noted above. ***If Plaintiff fails to amend within the time provided, the Court will enter a final order dismissing this civil action.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005).

**IT IS SO ORDERED.**

Dated: December 8, 2025

Hon. Janis L. Sammartino
United States District Judge